UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

**LILLIAN B. SMITH, as Personal
Representative of the Estate of
Marshall Smith, Jr., deceased,**

        **Plaintiff,**

v.                                                             **CIV No.  95-1471 JP/WWD**

**ROBERT STOVER, STEVE RODRIGUEZ,
Individually, and in their official capacities,
as employees, agent or representatives of
the City of Albuquerque, and the CITY OF
ALBUQUERQUE,**

        **Defendants.**

### MEMORANDUM OPINION AND ORDER

The subjects of this Order are (1) Defendants' Motion in Limine to Exclude Testimony of John Myers [Doc. No. 112], filed October 7, 1997; (2) Defendants' Motion in Limine to Admit a Computer Generated Video Animation and the Testimony of Dr. Alan Watts, Ph.D. [Doc. No. 108], filed October 6, 1997; and (3) Plaintiff's Motion to Exclude Testimony of Expert Witness Thomas Streed [Doc. No. 128], filed December 12, 1997.

On December 16, 1997 a <u>Daubert</u> hearing was held.  At that hearing I found that John Meyers did follow scientifically accepted methodology in determining the decedent's future earning capacity.  Therefore, Defendants' motion to exclude his testimony [Doc. No. 112] should be denied.  However, I also ruled that the defendants may challenge Myers' underlying

assumptions on cross examination. Specifically, defendants may ask Myers why he assumed that the decedent would continue to work continuously until retirement age and to earn wages at the same rate of pay he was receiving at the time of his death. They may also ask Myers what the decedent's future earning capacity would be if Myers' calculations were based upon the decedent's average annual earnings over his adult life. The plaintiffs must provide the defendants with a statement of the decedent's annual earnings during his adult life by January 6, 1998. Defendants may point out gaps in the decedent's employment history, but they may not relate these gaps to the decedent's incarceration or criminal convictions.

I reserved ruling on whether or not defendants may cross examine Myers regarding the relationship between criminal history and life expectancy until I examine studies or other data on the issue. The defendants should present such data to the plaintiff and to the court by January 6, 1998.

At the hearing I ruled that Dr. Alan Watts is qualified to testify to the motion of Smith's body immediately before and after he was shot as well as to the blood spatter that resulted from the shooting. I also ruled that the defendants may present a video animation prepared by Dr. Watts and Samantha Lapin. However, the animation must be limited to a depiction of Dr. Watts' opinion of how the decedent's body moved from the time immediately before the bullet impacted Smith's head until just after his body came to rest on the ground. An animation depicting any other time frame would be unfairly prejudicial to the plaintiff and would do little to assist the jury. Further, the animation must be presented from Defendant Rodriguez' point of view along the trajectory of the bullet.

I also ruled that Dr. Watts may not testify at trial to certain statements made in his written

report.  Specifically, Watts may not testify that the decedent did not feel any pain at the time he was shot, although he may testify to the physical effect the bullet had on Smith's brain.  For example, Dr. Watts may describe the force the bullet transferred to the decedent's head and the effect that shockwaves from the impact had on his brain.  Dr. Watts may testify to the acceleration, speed on impact, and other physical principles that would apply to a baby being dropped from a height of thirty feet, but he may not opine as to whether or not such a drop would result in the baby's serious injury or death.  Finally, Dr. Watts may not testify to police procedures or express an opinion as to the appropriateness of the defendants' actions.  He may not state what he believed the defendants' options were, the necessity of taking a "head shot," the need for the shooter to have a steady platform, nor his belief the decedent could have avoided the incident.  Dr. Watts may not interpret the decedent's actions during the incident that occurred up to immediately before the shooting nor opine as to the appropriate level of force.

  I reserved ruling on whether Dr. Watts may testify that decedent's heart gave a final "pump" or that the vast majority of blood loss would occur from the exit wound until plaintiff determines whether she is going to present a theory that the police moved the decedent's body immediately after the shooting before photographs of the scene were taken.

  Finally, plaintiff's motion to exclude the testimony of Thomas Streed should be denied.  I find that Streed is qualified to express the opinions set forth in his report and that the report meets the requirements of Fed. R. Civ. P. 26.  However, I may restrict Mr. Streed's testimony at trial should it become duplicative of Mr. Hillman's.

It is therefore ORDERED that:

(1) Defendants' Motion in Limine to Exclude Testimony of John Myers [Doc. No. 112] is DENIED as explained above;

(2) Defendants' Motion in Limine to Admit a Computer Generated Video Animation and the Testimony of Dr. Alan Watts, Ph.D. [Doc. No. 108] is GRANTED IN PART as explained above; and

(3) Plaintiff's Motion to Exclude Testimony of Expert Witness Thomas Streed [Doc. No. 128] is DENIED.

_____
UNITED STATES DISTRICT JUDGE