UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
───────────────────────

**LILLIAN B. SMITH, as Personal
Representative of the Estate of
Marshall Smith, Jr., deceased,**

        **Plaintiff,**

v.                                                  **CIV No.  95-1471 JP/WWD**

**ROBERT STOVER, STEVE RODRIGUEZ,
Individually, and in their official capacities,
as employees, agent or representatives of
the City of Albuquerque, and the CITY OF
ALBUQUERQUE,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

      The subject of this Memorandum Opinion and Order is the Defendants' Motion in Limine III: Admissibility of Evidence of Marshall Smith, Jr.'s Prior Criminal Convictions and Arrests [Doc. No. 122], filed October 30, 1997.

      Defendants' contend that Marshall Smith, Jr.'s criminal history is admissible on three bases: (1) to show that Smith was the first aggressor during the incident that led to his death; (2) to refute Smith's character for peacefulness, and; (3) to rebut the plaintiff's claim for damages by showing that Smith's criminal history would have had an adverse effect on his future earnings and life expectancy.  In an Order dated December 9, 1997 [Doc. No. 127], I denied the defendants' motion on the first two grounds but withheld ruling on the third until after the Daubert hearing, held December 16, 1997, when I could more easily determine whether this evidence is more

unfairly prejudicial than probative under Fed. R. Evid. 403..

In an Order dated December 18, 1997, I ordered the defendants to submit to me, no later than January 6, 1998, studies showing the relationship between criminal history and life expectancy.  By letter dated January 6, 1998 counsel for the defendants presented studies linking criminal history to decreased future earnings.  The defendants then requested an additional ten days to submit the studies I originally requested outlining the relationship between criminal history and life expectancy.

More than ten days have passed since the defendants' letter of January 6, 1998 and I have yet to receive the information I requested from the defendants.  I now find that the evidence of Smith's criminal history would be more unfairly  prejudicial than probative under Fed. R. Evid. 403 and should be excluded.   Defendants' Motion in Limine III: Admissibility of Evidence of Marshall Smith, Jr.'s Prior Criminal Convictions and Arrests should therefore be denied.

Therefore, it is hereby ORDERED that  Defendants' Motion in Limine III: Admissibility of Evidence of Marshall Smith, Jr.'s Prior Criminal Convictions and Arrests  [Doc. No. 122] is DENIED.

_____
UNITED  STATES  DISTRICT  JUDGE

2